UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MICHAEL ANGELO BURNETT #200640,

                    Plaintiff,                    Case No. 2:09-cv-192

v.                                          Honorable Gordon J. Quist

GERALD HOFBAUER, et al.,

                    Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## Discussion

### I.     Factual allegations

Plaintiff Michael Angelo Burnett #200640, an inmate at the Woodland Center Correctional Facility in Whitmore Lake, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Gerald Hofbauer, Corrections Officer Jeanne Mcgahey, Corrections Officer Erickson, Corrections Officer Celeste, Corrections Officer Jane Doe Howard, Corrections Officer Sardini, and Corrections Officer Restrew, as well as Unknown Parties, all of whom were employed at the Marquette Branch Prison during the pertinent time period.

Plaintiff alleges in his complaint that he was confined to administrative segregation on August 17, 2005, when Defendants repeatedly discharged electric charges at Plaintiff's head, causing him pain and impaired mental activity. At one point, Plaintiff lost consciousness. Plaintiff claims that while he was unconscious, Defendants brutally raped him. Plaintiff states that he awoke several times to find Defendants either "humping on" his nude body or malingering near his cell. Plaintiff states that Defendant Mannisto had a rubber penis, which Plaintiff observed protruding from her pants. Plaintiff also claims that Defendants put feces and bodily waste in his mouth, and that he contracted a "staph infection endocarditis." Plaintiff does not know how Defendants were able to discharge electric charges or put feces and bodily waste on him. Plaintiff believes that Defendant Hofbauer knew he would be harmed and authorized the brutality of his employees by failing to take any steps to stop the mistreatment. Plaintiff seeks damages and equitable relief.

### II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the Court notes that the alleged misconduct asserted by Plaintiff in this case occurred in August of 2005 and is barred by the pertinent statute of limitations. State statutes of

limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(8); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. Collyer, 98 F.3d at 220.[1] Plaintiff's complaint is untimely as it involves claims which arose in August of 2005. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Hence, his claims accrued at the time they occurred. However, he did not file his complaint until September 10, 2009, well past Michigan's three-year limit for claims occurring in 2005. Moreover, Michigan law no longer tolls the running of the statute of limitations where a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir.1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, **2 (6th Cir. June 17, 2002).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint does not present a rational basis in law if it is

---

[1]The Supreme Court's decision in *Jones v. Donnelley & Sons Co.*, 541 U.S. 369, 124 S. Ct. 1836 (2004), does not apply to claims brought by prisoners under 42 U.S.C. § 1983 because, although the statute was amended in 1996, the amendments did not "ma[k]e possible" a prisoner civil rights action under § 1983. *Id.* at 1845.

time-barred by the appropriate statute of limitations. The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002);*Paige v. Pandya*, No. 00-1325, 2000 WL1828653 (6th Cir. Dec. 5, 2000). Therefore, Plaintiff's complaint is properly dismissed.

Moreover, the court is not bound to accept all factual allegations as true. *Id.* While the court cannot dismiss a case simply because the court finds the factual allegations to be improbable or unlikely, *Id.*, the court may dismiss a case as frivolous where the facts alleged rise to the level of the irrational or are wholly incredible, *Id.*; fanciful, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); fantastic, *Id.* at 328; or delusional. *Id.* In this case, Plaintiff's claims that he was hit with "electric charges" which rendered him unconscious, so that he could be raped and fed feces appear to be delusional with no basis in fact. Therefore, such claims are properly dismissed.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith

basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate

filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from

proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will

be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: <u>December 2, 2009</u>    <u>/s/ Gordon J. Quist</u>
           GORDON J. QUIST
           UNITED STATES DISTRICT JUDGE